1  MICHAEL D. MORTENSON, State Bar No. 247758
      mmortenson@sycr.com
2  CRAIG A. TAGGART, State Bar No. 239168
      ctaggart@sycr.com
3  ANDREW S. GAHAN, State Bar No. 300598
      agahan@sycr.com
4  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
5  Newport Beach, CA 92660-6422
   Telephone: (949) 725-4000
6  Facsimile: (949) 725-4100

7  Attorneys for Defendant
   FORD MOTOR COMPANY
8

9
              **UNITED STATES DISTRICT COURT**
10
              **EASTERN DISTRICT OF CALIFORNIA**
11

12
   PAUL CORTEZ MARTINEZ and          CASE NO.
13 ESTELLA C. MARTINEZ,
                                     **DEFENDANT FORD MOTOR**
14          Plaintiffs,              **COMPANY'S NOTICE OF**
                                     **REMOVAL OF ACTION FROM**
15          vs.                      **STATE COURT TO FEDERAL**
                                     **COURT UNDER 28 U.S.C. §**
16 FORD MOTOR COMPANY, a             **1441(B) (DIVERSITY)**
   Delaware Corporation; and DOES 1
17 through 10, inclusive,            [Removal from Superior Court of
                                     California, County of Kern Case No.
18          Defendants.              BCV-18-102639]

19                                   Complaint Filed: October 18, 2018

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
  LAWYERS
NEWPORT BEACH

                        -1-
                  NOTICE OF REMOVAL

4816-8996-9792v1/105231-0101

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA AND THE**

**PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FORD MOTOR COMPANY ("Defendant" or "Ford") hereby removes the above-referenced case from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California. Defendant pleads as follows regarding the grounds for removal:

**I.     PROCEDURAL HISTORY**

1.      On October 18, 2018, Plaintiffs Paul Cortez Martinez and Estella C. Martinez ("Plaintiffs") sued Defendant in the Superior Court of the State of California for the County of Kern. The Complaint is captioned as: *Paul Cortez Martinez, et al. v. Ford Motor Co., et al.*, Case No. BCV18102639 (Superior Court of California, County of Kern). A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**, along with all other process, pleadings, orders, and other papers filed and received by Defendant Ford. On November 19, 2018, Defendant filed an Answer to the Complaint. A true and correct copy of that Answer is attached hereto as **Exhibit B**.

2.      The Complaint alleges causes of action for Violation of Song-Beverly Act – Breach of Express Warranty; Violation of Song-Beverly Act – Breach of Implied Warranty; and Violation of Song-Beverly Act Section 1793.2.

**II.    GROUNDS FOR REMOVAL**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which confers "original jurisdiction of all civil actions where the [amount] in controversy exceeds the sum or value of $75,000, exclusive of interest [or] costs, and is between . . . citizens of different states."

NOTICE OF REMOVAL

4816-8996-9792v1/105231-0101

## III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANT FORD

4.     Plaintiffs are citizens of California.  According to the Complaint, Plaintiffs reside in the City of Bakersfield, County of Kern, and State of California. (Compl. ¶ 2.)

5.     Defendant Ford is a Delaware Corporation.  (Compl. ¶ 3.)  Defendant Ford's principle place of business is Dearborn, Michigan.

6.     Complete diversity of citizenship exists between Plaintiffs, who are citizens of California, and Defendant Ford, who is a citizen of Delaware and Michigan.

7.     According to the Complaint, the gravamen of the action relates to the "warranty obligations of FORD in connection with a vehicle purchased by Plaintiffs and for which FORD issued a written warranty."  (Compl. ¶ 4.)

## IV. PLAINTIFFS SEEK MORE THAN $75,000 IN DAMAGES

8.     Based on the Complaint's allegations, the amount of damages at issue exceeds $75,000 (exclusive of interest and costs).  Specifically, among other remedies, Plaintiffs seek "reimbursement pursuant to Civil Code, section 1794, *et seq.*," "any 'cover' damages," all other "incidental and consequential damages" and "a civil penalty of up to two times the amount of actual damages…."  (Compl. ¶¶ 51-55.)  Plaintiffs also seek attorneys' fees.  (*Id.* at p. 8.)

9.     While Plaintiffs omits specific financial figures in the Complaint, the purchase contract is attached as Exhibit 1 to the Complaint.  (*See id.*, Ex. 1.) Exhibit 1 identifies the purchase price of Plaintiffs' vehicle as more than $26,000. Two times civil penalties under the Song-Beverly Act, which Plaintiffs seek, is more than $52,000.  As Plaintiffs seek reimbursement of the price paid for the vehicle (over $26,000), and for a two-time civil penalty (over $52,000), this category of damages alone exceeds $78,000.

10.     In addition, Plaintiffs also seek attorneys' fees.  Plaintiffs' law firm,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

NOTICE OF REMOVAL

4816-8996-9792v1/105231-0101

the Knight Law Group (formerly known as O'Connor Mikhov), has filed hundreds of cases against Defendant Ford. Plaintiffs' counsel routinely seeks attorneys' fees in excess of $65,000 in cases that it deems likely to go to trial. For example, in a recent case involving a Ford Focus, Plaintiffs' law firm sought a total attorneys' fees award of $108,022.50. (*See* Mortenson Decl., ¶ 2, Ex. 1). Therefore, based on Plaintiffs' counsel's history of requesting fee awards in excess of $65,000, it is reasonable to value Plaintiffs' attorneys' fee requests in her prayer for relief at $65,000. (*See Fritsch v. Swift Transp. Co. of Ariz., LLC*, No. 18-55746, 2018 U.S. App. LEXIS 22036, at \*15 (9th Cir. July 12, 2018) ("Among other items, the amount in controversy includes damages …, the costs of complying with an injunction, **and attorneys' fees awarded under fee-shifting statutes or contract**.") (emphasis added)).

11.     In summary, taking the amount necessary to cover the alleged actual damages at issue, including potential civil penalties (no less than $78,000), and an expected attorneys' fee demand (in excess of $65,000), Defendant Ford is informed and believes **the amount at issue in Plaintiffs' Complaint exceeds $143,000.00**. This amount does not include other damages that Plaintiffs seek to recover. When adding these sums together, Defendant Ford is informed and believes that the amount in controversy in Plaintiffs' Complaint well exceeds the $75,000 jurisdictional minimum.

12.     The minimum jurisdictional limit of this Court set forth in 28 U.S.C. § 1332(a) is, therefore, satisfied by the amount of damages alleged in the Complaint.

## V.     ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

13.     The Superior Court of California, for the County of Kern, is located within the Eastern District of California, and, therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

14.     This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

NOTICE OF REMOVAL

4816-8996-9792v1/105231-0101

15.     A copy of this Notice of Removal is being served on counsel for Plaintiffs and is being filed contemporaneously with the Superior Court of the State of California, County of Kern, as required by 28 U.S.C. § 1446(d).

16.     Copies of all pleadings, process and orders served upon Defendant Ford in this action are attached hereto in accordance with 28 U.S.C. § 1446(a).

## VI.     RESERVATION OF RIGHTS

17.     Defendant denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

18.     In making the allegations in the Notice of Removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, that Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

19.     Defendant also reserves the right to amend or supplement this Notice of Removal.  If any questions arise as to the propriety of this removal action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED:  November 19, 2018     STRADLING YOCCA CARLSON & RAUTH, P.C.


By:     */s/ Michael D. Mortenson*
        Michael D. Mortenson
        Craig A. Taggart
        Andrew S. Gahan
        Attorneys for Defendant
        FORD MOTOR COMPANY

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

NOTICE OF REMOVAL

4816-8996-9792v1/105231-0101