UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CORTEZ MARTINEZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No.: 1:18-CV-01607-LJO-JLT<br><br>ORDER DENYING REQUEST FOR AN EXTENSION OF TIME TO FILE DISMISSAL DOCUMENTS<br><br>(Doc. 22) |

    Two months ago, the parties notified the Court that the matter had settled (Doc. 20). In response, the Court gave the parties 60 days to dismiss the action (Doc. 21). Now, the plaintiffs have filed a request seeking 60 more days to take the same action already ordered by the Court. (Doc. 22) In explanation, the plaintiffs report that the defense has not paid the amount agreed upon but admit that they have not surrendered the vehicle as agreed. Id.

    The report fails to detail the efforts made in the last 60 days to resolve any outstanding points, how frequently counsel have discussed these terms and why, despite discussion, the points have not been resolved, why the parties filed a notice of settlement if, in fact, the case has not resolved, why counsel believes the outstanding issues will resolve in 60 days and why the plaintiffs continue to fail to surrender the vehicle. Absent specific details about why the case is not in a posture to be dismissed, the Court will not extend the dismissal deadline.

1

Oddly, the plaintiffs' counsel has filed nearly the exact same report and request for additional twice before in other cases. In <u>Durham v. FCA US LLC</u>, Case No. 2:17-cv-00596 JLT (Doc. 106), counsel reported the same exact situation—that "The Parties are still working to complete all of the terms of the settlement" and cited the desire to file a motion for fees and costs. As here, in <u>Durham</u>, the attorney requested an additional 60 days to take these actions. As here, the <u>Durham</u> report did not describe any impediments to finalizing the terms of the settlement or to filing the motion for fees.

In <u>Flores v. FCA US LLC</u>, Case No. 1:17-cv-00427 JLT (Doc. 79), the plaintiff's attorney offered the exact same situation as the one noted here. Again, the attorney reported the plaintiff had not surrendered the vehicle, "the Parties are still working to complete all of the terms of the settlement . . .," "the Parties are still working to complete all of the terms of the settlement . . ." and "Plaintiffs intend to file a Motion for Attorneys' fees and Costs in the event the Parties are unable to resolve attorneys' fees and costs informally." (Case No. 1:17-cv-00427 JLT Doc. 79) This is the same language as in the current report[1]. Compare Case No. 1:17-cv-00427 JLT Doc. 79 with Doc. 22) Also, as in this case, there was no discussion in the <u>Flores</u> report of any impediments.

Consequently, because counsel has failed to provide sufficient detail for the Court to properly evaluate the request for 60 additional days to dismiss the case, the Court is left to conclude that this is simply the tactic employed by the plaintiff's law firm to excuse the lack of diligence. Thus, the Court **ORDERS**:

    1.    The request for additional time to file the dismissal documents is **DENIED**;

    2.    The motion for attorneys' fees and costs or the stipulated dismissal **SHALL** be filed **<u>within 21 days</u>**.

///
///
///
///
///

---

[1] The only difference is that the report in this case contains a spelling error (Doc. 22 at 2).

2

**The parties are advised their failure to comply with this order will result in the imposition of sanctions, including monetary sanctions and/or dismissal of the action without further notice.**

IT IS SO ORDERED.

Dated: __**January 22, 2020**__             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE