UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CORTEZ MARTINEZ, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>FORD MOTOR COMPANY, <br><br>Defendant. | No. 1:18-cv-01607-NONE-JLT <br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES <br><br>(Doc. Nos. 24, 25) |

In November 2018, defendant Ford Motor Company removed this lemon law[1] action from the Kern County Superior Court to this federal court. (Doc. No. 1.) This action arose from plaintiffs Paul and Estella Martinez's purchase, for $26,093.92, of a 2010 Ford Escape manufactured by defendant which subsequently developed "serious defects and nonconformities to warranty." (Doc. Nos. 1-1 ¶¶ 8–9, 13; 30-1 ¶ 3.) After defendant failed to properly repair the vehicle, plaintiffs brought this lemon law action under California law to recover damages for the defects. (Doc. No. 1-1 ¶¶ 15–55.) Approximately a year after the case was removed to this court, the parties filed a joint notice of settlement agreeing to settle this case for $48,442.27, plus attorneys' fees and costs. (Doc. Nos. 20 at 2; 25-2 ¶ 19; 29-1 ¶ 3.) The joint notice conditions

---

[1] California's Song-Beverly Consumer Warranty Act (California Civil Code §§ 1790–1795.7) ("Song-Beverly Act") is commonly referred to as "lemon law." *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1197–98 (2005).

1

the amounts of attorneys' fees and costs "to be determined by agreement of the Parties or by noticed motion." (Doc. No. 20 at 2.)

Apparently unable to agree on the appropriate amounts of attorneys' fees and costs to be awarded, plaintiffs filed a motion for attorneys' fees, costs, and expenses along with a corresponding bill of costs.[2] (Doc. Nos. 24, 25.) Defendant has opposed the motion and objected to plaintiffs' bill of costs, and plaintiffs have replied. (Doc. Nos. 27–30.) For the reasons set forth below, the court will grant plaintiffs' motion in part and deny it in part and approve plaintiffs' bill of costs in its entirety.

## BACKGROUND

Plaintiffs' complaint asserts three claims under the Song-Beverly Act against defendant: (1) breach of express warranty, (2) breach of implied warranty, and (3) violation of § 1793.2 of the Act. (Doc. No. 1-1.) Approximately seven months after the complaint was filed, plaintiffs offered to settle this case for $48,442.27, but defendant declined. (Doc. Nos. 1-1 at 2; 25-2 ¶ 15.) About six months thereafter, defendant finally agreed to settle the case for that same amount. (Doc. Nos. 25-2 ¶ 19; 29-1 ¶ 3.) Over the approximately thirteen-months between the filing of the complaint and the settlement of the action, plaintiffs' attorneys from the Knight Law Group, LLP ("KLG") litigated this case on behalf of their clients. Their legal services included an unsuccessful attempt to remand this case to state court; preparing discovery responses; propounding discovery requests on defendant; taking depositions of relevant persons; and drafting the complaint and the instant motion, among others. (Doc. No. 25-2 ¶¶ 11–19.) In sum, eleven attorneys representing plaintiffs have reported spending a total of 109.5 hours on this case, with requested hourly rates varying from $200 to $550. (Doc. No. 25-2, Ex. A at 6.) In all, plaintiffs ask for an award of $33,325 in attorneys' fees, plus a 50% lodestar multiplier or $16,662.50, totaling $49,987.50. (Doc. No. 25-1 at 16–19.) Plaintiffs also ask for $5,868.37 in costs, most of which are related to the depositions their attorneys took in the case. (Doc. No. 25-2, Ex. B.)

/////

---

[2] "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**LEGAL STANDARD**

Because defendant removed this action under diversity jurisdiction (Doc. No. 1 ¶¶ 3–7), "the law of the state in which the district court sits determines *whether* a party is entitled to attorney fees," but "the *procedure* for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (emphasis added) (citation omitted). Thus, California law is determinative "not only [of] the right to fees, but also in the method of calculating the fees." *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (alteration in original) (citations omitted).

Under the well-established American rule, "we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citation omitted). As an exception to the American rule, however, the California legislature enacted California Civil Code § 1794(d), part of the Song-Beverly Act, which states:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.[3]

Cal. Civ. Code § 1794(d). This fee provision was designed to provide "injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal. 4th 985, 994 (1998).

Still, "[a] trial court may not rubberstamp a request for attorney fees." *Donahue v. Donahue*, 182 Cal. App. 4th 259, 271 (2010). "The plain wording of [§ 1794(d)] requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 817 (2006)

---

[3] *See also Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994) (defining "incurred" under § 1794(d) as "to become liable for" or "to have liability thrust upon one by act or operation of law.").

3

(alteration in original). In enacting § 1794(d), the California legislature "envisioned an objective, nonarbitrary, and easy to administer calculation of attorney fees based on the 'lodestar[]' method (reasonable hours and rates plus a multiplier), in order to fix the fee at the fair market value for the legal services provided."[4] *Reynolds v. Ford Motor Co.*, 47 Cal. App. 5th 1105, 1117 (2020) (citation omitted). Once the reasonable number of hours multiplied by the reasonable hourly rates have been ascertained, "[t]he amount of attorney fees awarded pursuant to the lodestar adjustment method may be increased or decreased." *Mikhaeilpoor v. BMW of N. Am., LLC*, 48 Cal. App. 5th 240, 247 (2020).

"In order for the trial court to determine a reasonable rate and a reasonable number of hours spent on a case, a party must present some evidence to support its award request." *Cruz v. Fusion Buffet, Inc.*, 57 Cal. App. 5th 221, 237 (2020). The prevailing party bears "the burden of showing that the fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Robertson*, 144 Cal. App. 4th at 817–18. If the prevailing party meets his initial burden, "[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable." *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009). "A reduced award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill or that the opposing party has stated valid objections." *Id.*

Generally, the district court must provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate.'"[5] *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016). But when the district court imposes "a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of

---

[4] *See also Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 997 (2009) (holding that § 1794(d) is "reasonably compatible with a lodestar adjustment method of calculating attorney fees because the lodestar adjustment method is based on actual, reasonable attorney time expended as the objective starting point of the analysis.").

[5] A detailed explanation is generally necessary "in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

4

discretion," "a more specific explanation" is unnecessary. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

## ANALYSIS

The parties do not dispute that plaintiffs are entitled to attorneys' fees under § 1794(d) as the prevailing parties in this action;[6] at issue, rather, is whether plaintiffs' request for $49,987.50 in attorneys' fees is reasonable. As for costs, the parties disagree not only about whether the request for $5,868.37 in costs is reasonable, but also whether federal or state law should control the allowable costs. Before turning to the merits of these issues, the court will address plaintiffs' evidentiary objections.

**A.   Plaintiffs' Objections to Part of Michael D. Mortenson's Declaration**

In the opposition, defendant's counsel states that plaintiffs' "counsel filed a near identical fee motion in *Arias v. Ford Motor Company*, Case No. 5:18-cv-01928-PSG-(SPx) (C.D. Cal. 2020), based on a near identical declaration of Steve Mikhov," plaintiffs' lead attorney. (Doc. No. 29-1 ¶ 5.) In *Arias*, the district court declined to award attorney Mikhov's request for a 1.5 lodestar multiplier and reduced the hourly rates of attorney Mikhov and other attorneys in his law firm. (*Id.*) In reply, plaintiffs object to defense counsel's statement (including the assertion that the court should follow the court in *Arias*' reduction of the hourly rates of attorney Mikhov) by citing various boilerplate federal rules of evidence without any analysis or explanation. (Doc. No. 30–2 at 2); *Burgess v. Premier Corp.*, 727 F.2d 826, 835 (9th Cir. 1984) ("[M]ere statement of objection without stating grounds was insufficient to preserve error, where the specific grounds were not apparent"). The court finds plaintiffs' objections unpersuasive in general. Moreover, the records in *Arias* are judicially noticeable, notwithstanding plaintiffs' boilerplate objections. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."). Having reviewed the records in *Arias*, the court notes that the fee motion and related papers that

---

[6] *See Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1263 (2012) ("[W]e hold that the pretrial dismissal with prejudice pursuant to the compromise agreement was sufficient for purposes of section 1794(d) to allow an award of attorney fees and costs.").

plaintiffs filed in that case are indeed nearly identical to the instant motion and accompanying papers.  (*See Arias*, 5:18-cv-01928-PSG-(SPx), Doc. No. 45.)  For the above reasons, plaintiffs' objections to Mr. Mortenson's declaration are overruled.

**B.     Reasonable Attorneys' Fees Under California Law**

Following the lodestar method, the court will first determine what are the reasonable number of hours expended and hourly rates charged in this case, before turning to whether the lodestar calculation should be adjusted upward or downward.

       1.     <u>Reasonable Number of Hours Expended</u>

To determine the reasonableness of the hours expended, the court must "make an initial determination of the actual time expended," then "ascertain whether under all the *circumstances* of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale*, 31 Cal. App. 4th at 104 (emphasis added).  "These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id.*  "[A]ttorney fees may be awarded *only* for hours reasonably spent, thus discouraging unnecessary or frivolous litigation." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137 (2001) (emphasis added).

The prevailing party "must affirmatively demonstrate that the hours spent were reasonable and necessary." *Save Our Uniquely Rural Cmty. Env't v. Cnty. of San Bernardino*, 235 Cal. App. 4th 1179, 1186 (2015).  "The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).  Once the prevailing party satisfies his initial burden, the party "challenging attorney fees as excessive"—"because too many hours of work are claimed"—must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008).  "General arguments that fees claimed are excessive, duplicative, or unrelated" are not sufficient to satisfy the challenging party's burden. *Id.*  "If the time expended or the monetary charge being made for the time expended are *not* reasonable under all the circumstances, then the court *must* take this into

account and award attorney fees in a lesser amount." *Nightingale*, 31 Cal. App. 4th at 104 (emphasis added).

Here, plaintiffs' lead attorney Mikhov attests under penalty of perjury that the 109.5 hours he and his associates expended on this case are reasonable; he also attaches a copy of the invoice detailing how the hours were expended. (Doc. No. 25-2, Mikhov Decl. ¶¶ 12, 14, 105; *id.*, Ex. A.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (1986). Thus, plaintiffs have met their initial burden of demonstrating that the 109.5 hours their attorneys expended in this case are reasonable. *See, e.g.*, *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) (holding that the "trial court abused its discretion in rejecting *wholesale* counsels' verified time records," because such verified records "are entitled to credence in the absence of a clear indication the records are erroneous."). The burden is shifted to defendant to show how the number of hours expended is unreasonable.

In opposition, defendant argues that the seven hours plaintiffs' counsel billed his clients for attending the hearing on *this* motion and related traveling are unreasonable, since the court did not hold a hearing on the motion. (Doc. No. 29 at 9.) Notably, plaintiffs do *not* argue that they should be awarded attorneys' fees for the requested seven hours if no such hearing is held. (Doc. No. 30 at 7–8.) Because the court has not held a hearing on the pending motion, those seven hours will be deducted from the final calculation of attorneys' fees. *See, e.g.*, *Arias v. Ford Motor Co.*, No. EDCV 18-1928 PSG (SPx), 2020 WL 1940843, at *4 (C.D. Cal. Jan. 27, 2020) (deducting seven hours requested by KLG to prepare and travel for a hearing because the court "will not hold a hearing on this motion."); *Jameson v. Ford Motor Co.*, No. 2:18-cv-01952-ODW-(ASx), 2019 WL 6840758, at *3 (C.D. Cal. Dec. 16, 2019) (similar).

The court finds defendant's remaining arguments on the unreasonableness of the hours expended by plaintiffs' counsel to be unpersuasive. For instance, defendant argues that the instant fee motion and the accompanying papers—as well as "[n]early every single document prepared by KLG in this matter, from the complaint to the fee motion"—"vary only in the

7

caption, names of plaintiffs, and vehicle information (year, model, and VIN)." (Doc. No. 29 at 11–12.) Defendant cites to *Arias*, 2020 WL 1940843, as an example of a case in which "[p]laintiff's counsel filed a near identical fee motion." (Doc. No. 29-1 ¶ 5.) Even so, it does not necessarily mean that the four hours plaintiffs' counsel spent preparing this motion and the accompanying papers should be reduced. Attorney Mikhov declares that "a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to 'get up to speed' in this specialized area of law," and that he "personally reviewed the billing entries to ensure that they appropriately reflect the time expended." (Doc. No. 25-2 ¶¶ 53, 103.) Attorney Mikhov further states that he "removed or reduced any time [he] felt was excessive, duplicative, or otherwise unreasonable," such as certain communications with clients and opposing counsel and drafting the settlement offer and disclosure of an expert witness. (*Id.* ¶ 53; *id.*, Ex. A at 2–3, 4.) In light of attorney Mikhov's affidavit, the court finds defendant's general argument—about the similarities between the papers plaintiffs' counsel filed in this case and other cases—to be *insufficient* to satisfy its burden as the party opposing the fee application.

Defendant further argues that the court should not award attorneys' fees for "two separate time entries for the same task," dated June 26, 2019, where plaintiffs' counsel spent 7.5 hours to "draft memo" and to "[p]repare for and conduct deposition of Jim Burke Ford's dealership personnel (travel included)," and 5.8 hours to "[t]ravel to/from deposition of Jim Burke Ford dealership personnel location." (Doc. No. 29 at 11; *see also* Doc. No. 25-2, Ex. A at 3–4.) The court disagrees. It is straightforward to the court based on these entries that plaintiffs' counsel was performing different tasks relating to the deposition of Mr. Burke. Defendant also argues that the 8.8 hours plaintiffs' counsel spent "preparing and reviewing deposition summaries, internal memoranda, and other attorneys' work" are duplicative. (Doc. No. 29 at 10.) However, it is unclear which 8.8 hours in the invoice defendant is referring to. Plaintiffs' counsel billed approximately 46.6 hours on various matters related to multiple depositions that took place on June 26, 2019, and from July 12, 2019 to October 15, 2019. Because defendant has failed to specify the "items challenged, with a sufficient argument and citations to the evidence," *Premier*

/////

8

1 *Med.*, 163 Cal. App. 4th at 564, it has failed to satisfy its burden of showing that the contested 8.8
2 hours is duplicative.

3       Defendant also points out that attorney Mikhov billed plaintiffs 2.3 hours for work
4 reviewing, evaluating, and analyzing plaintiffs' claims and documents prior to the filing of this
5 action in state court, but those hours are not dated in the invoice. (Doc. No. 29 at 12 (citing Doc.
6 No. 25-2, Ex. A at 1)). Even though attorney Mikhov has verified the performance of the 2.3
7 hours of legal service under penalty of perjury, defendant argues that his "inability to confirm the
8 dates [of] this work casts serious doubt on the veracity of all of the information put forth in the
9 fee claim." (*Id.*) Defendant cites no authority establishing that the lack of specific dates justifies
10 deducting the billed entries. (*See id.*) In California, "[i]t is *not* necessary to provide detailed
11 billing timesheets to support an award of attorney fees under the lodestar method," *Concepcion v.*
12 *Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1324 (2014) (emphasis added); "[t]estimony of
13 an attorney as to the number of hours worked on a particular case is sufficient evidence to support
14 an award of attorney fees," *Martino*, 182 Cal. App. 3d at 559.[7] Defendant's argument is therefore
15 unpersuasive, and the court will decline to deduct the 2.3 hours of undated legal service. *See,*
16 *e.g.*, *Foulkrod v. Ford Motor Co.*, No. 5:18-cv-02613 SJO (KKx), 2020 WL 2891989, at *5 (C.D.
17 Cal. Mar. 31, 2020) (finding "that Plaintiff's counsel's senior partner Steve Mikhov's 2.3 hours'
18 worth of undated billing entries, while not ideal, are reasonable and can be awarded.").

19     2.    <u>Reasonable Hourly Rates</u>

20       Defendant next contends that the court should reduce the hourly rates proposed by
21 plaintiffs to better align them with rates that are "reasonable within the Eastern District of
22 California." (Doc. No. 29 at 6.) In awarding attorneys' fees under the Song-Beverly Act, some
23 district courts have required "[t]he fee applicant . . . [to] produc[e] satisfactory evidence that the
24 requested rates are in line with those prevailing in the community for similar services of lawyers
25 of reasonably comparable skill and reputation." *Base v. FCA US LLC*, No. 17-CV-01532-JCS,

26

27 [7] *See Martino*, 182 Cal. App. 3d at 559 (observing that "an attorney's failure to keep books of account and other records has been found to be a basis for disciplinary action," but *not* sufficient
28 to justify reducing attorneys' fees).

2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)); *see also Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *4–5 (E.D. Cal. May 6, 2019); *Hall v. FCA US LLC*, No. 1:16-cv-0684-JLT, 2018 WL 2298431, at *5–6 (E.D. Cal. May 21, 2018). These courts have stated that the "relevant community" in determining a prevailing market rate is the forum in which the district court sits and have then analyzed whether the rates requested by counsel are reasonable in light of rates paid to attorneys of similar skill and experience in the forum district. *See, e.g.*, *Self*, 2019 WL 1994459, at *4–6.

The undersigned has previously declined to adopt this approach, noting that while the framework described above applies to motions seeking attorney's fees pursuant to a federal statute, there is no clear authority requiring a similar approach when awarding attorney's fees pursuant to a state statute. *See Heffington v. FCA US LLC*, No. 2:17-CV-00317-DAD-JLT, 2020 WL 5017610, at *1 n.5 (E.D. Cal. Aug. 25, 2020). Most critically, as the undersigned also has previously noted, removal of an action to federal court based on diversity jurisdiction should not change the hourly rates found by the court to be reasonable. *Id*.

Accordingly, the court will apply the approach it took in *Heffington*, based on California law. *Id*. at *6. Under that approach, the court must determine whether the hourly rates requested by plaintiffs' attorneys are reasonable. When awarding attorneys' fees under California Civil Code § 1794(d), the relevant inquiry is whether "the monetary charge being made for the time expended [is] reasonable" under all the circumstances including "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016) (quoting *Nightingale*, 31 Cal. App. 4th at 104). "California courts therefore focus on the reasonable hourly rate for the work performed by the counsel who did that work, regardless of the forum in which that work was performed and without regard to typical hourly rates in the forum in which the matter was litigated." *Heffington*, 2020 WL 5017610, at *6.

/////

/////

10

Here, plaintiffs seek the following rates for the various lawyers involved in this matter:

| Attorneys | Years of Practice | Requested Hourly Rates |
|---|---|---|
| Attorney Steve Mikhov | 17 years | $550.00 |
| Attorney Kristina Stephenson-Cheang | 12 years | $375.00 |
| Attorney Mark R. Berns | 14 years | $350.00 |
| Attorney Amy Morse | 7 years | $350.00 |
| Attorney Mitchell Rosensweig | 8 years | $325.00 |
| Attorney Maite Colón | 8 years | $300.00 |
| Attorney George Aguilar | 5 years | $275.00 |
| Attorney Lauren C. Martin | 3 years | $275.00 |
| Attorney Daniel Kalinowski | 5 years | $250.00 |
| Attorney Natalee Fisher | 5 years | $250.00 |
| Attorney Daniel Macioce | 1 year | $200.00 |

(Doc. No. 25-2 ¶¶ 38–51; *id.*, Ex. A at 6.)

Faced with very similar requests, the court's order in *Heffington* reviewed the hourly rates requested by several of the attorneys present in this matter. Attorney Mikhov, for example, requested $500.00 per hour in *Heffington*, and this request was approved based upon the court's survey of various superior court fee awards to him in California in Song-Beverly Act cases. *Heffington*, 2020 WL 5017610, at *7. Similarly, attorney Stephenson-Cheang's request for $350 per hour was approved based upon a similar review of other awards. *Id*. Similar rulings involving many of the same attorneys were issued by the undersigned throughout early 2020. *See Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, 2019 WL 5290903, at *7 (E.D. Cal. Oct. 18, 2019); *Rueda v. FCA US LLC*, No. 1:17-cv-00968-DAD-JLT, 2020 WL 469333, at *7 (E.D. Cal. Jan. 29, 2020); *Figures v. FCA US LLC*, No. 1:17-cv-00618-DAD-JLT, 2020 WL 820164, at *8 (E.D. Cal. Feb. 19, 2020); *Aviles v. Subaru of Am., Inc.*, No. 1:18-cv-01544-DAD-SKO, 2020 WL 868842, at *6 (E.D. Cal. Feb. 21, 2020). The court incorporates by reference the reasoning contained in those orders regarding the hourly rates requested and awarded.

The fee petition in this matter was filed in January 2020. (Doc. No. 25.) The fee petition in *Heffington*, for example, was filed in May 2020 and decided in August 2020. *See* 2020 WL 5017610, at *1. It is unclear why some of the hourly rates requested here differ from those requested in *Heffington* and the other matters cited above. The court has been presented with no

1  information to justify deviating from the hourly rates awarded in contemporaneous matters.
2  Accordingly, where the hourly rates requested here deviate from those contemporaneous awards,
3  the court will align the hourly rates awarded here in line with *Heffington*, *Rueda*, *Figures*, and
4  *Aviles*, as set forth in the table below.
5        For those attorneys not evaluated in any of those matters, the court has examined the
6  requested hourly rates and finds those rates to be reasonable in light of their levels of experience,
7  in line with the other hourly rates awarded here, and supported by other awards in California. *See*
8  *Salmeron v. Ford Motor Co.*, No. 218CV07266SVWPLA, 2020 WL 9217979, at *3 (C.D. Cal.
9  July 14, 2020) (finding $350.00 requested by Mark Berns reasonable given his level of
10 experience); *Barrera v. Jaguar Land Rover N. Am., LLC*, No. ED CV 19-00847-DOC-SHK, 2020
11 WL 4003653, at *3 (C.D. Cal. June 3, 2020) (awarding Attorney Martin $275.00 based upon
12 record evidence of similar rates charged by other lemon law attorneys in California); *Hill v. FCA*
13 *US LLC*, No. 17-CV-00581-AJB-BGS, 2020 WL 4365890, at *4 (S.D. Cal. July 30, 2020) (also
14 approving $275.00 per hour for Attorney Martin, reasoning that the court was "satisfied with the
15 bases for Plaintiffs' counsels' hourly rates.  Particularly, Plaintiffs provide ample evidence,
16 including surveys of the hourly rates of similar attorneys with similar experience and
17 qualifications."); *also compare* (Doc. No. 25-2 ¶ 45 (describing experience and qualifications of
18 Attorney Aguilar)) *with* (*id.* ¶ 50 (describing experience and qualifications of Attorney Martin)).

| Attorneys | Years of Practice | Hourly Rates Requested Here | Hourly Rates Awarded in Prior Actions Before the Undersigned | Hourly Rates to be Awarded Here |
|---|---|---|---|---|
| Attorney Steve Mikhov | 17 years | $550.00 | $500.00 (*Heffington*, *Rueda*, *Figures*, *Aviles*) | $500.00 |
| Attorney Kristina Stephenson-Cheang | 12 years | $375.00 | $350.00 (*Heffington*, *Sekula*, *Rueda*, *Figures*, *Aviles*) | $350.00 |
| Attorney Mark R. Berns | 14 years | $350.00 | n/a | $350.00 |
| Attorney Amy Morse | 7 years | $350.00 | $350.00 (*Heffington*, *Rueda*, *Figures*, *Aviles*) | $350.00 |
| Attorney Mitchell Rosensweig | 8 years | $325.00 | $325.00 (*Heffington*, *Aviles*) | $325.00 |

| Attorney Maite Colón | 8 years | $300.00 | $275.00 (*Aviles*) | $275.00 |
| Attorney George Aguilar | 5 years | $275.00 | n/a | $275.00 |
| Attorney Lauren C. Martin | 3 years | $275.00 | n/a | $275.00 |
| Attorney Daniel Kalinowski | 5 years | $250.00 | $250.00 (*Aviles*) | $250.00 |
| Attorney Natalee Fisher | 5 years | $250.00 | $250.00 (*Heffington*) | $250.00 |
| Attorney Daniel Macioce | 1 year | $200.00 | n/a | $200.00 |

3. <u>Lodestar Calculation</u>

As mentioned, "[t]he court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." *Christian Rsch. Inst.*, 165 Cal. App. 4th at 1321. Based on the number of hours and reasonable hourly rates determined above, plaintiffs' reasonable attorneys' fees are calculated as follows:

| **Attorney** | **Hours Awarded** | **Hourly Rate Awarded** | **Lodestar** |
|---|---|---|---|
| Attorney Steve Mikhov | 3.2 | $500.00 | $1,600.00 |
| Attorney Kristina Stephenson-Cheang | 15.7 | $350.00 | $5,495.00 |
| Attorney Mark R. Berns | 11.3[8] | $350.00 | $3,955.00 |
| Attorney Amy Morse | 6.8 | $350.00 | $2,380.00 |
| Attorney Mitchell Rosensweig | 5.5 | $325.00 | $1,787.50 |
| Attorney Maite Colón | 7 | $275.00 | $1,925.00 |
| Attorney George Aguilar | 6 | $275.00 | $1,650.00 |
| Attorney Lauren C. Martin | 5.2 | $275.00 | $1,430.00 |
| Attorney Daniel Kalinowski | 19.2 | $250.00 | $4,800.00 |
| Attorney Natalee Fisher | 12.1 | $250.00 | $3,025.00 |
| Attorney Daniel Macioce | 10.5 | $200.00 | $2,100.00 |
| | | **TOTAL:** | **$30,147.50** |

4. <u>Lodestar Adjustment – Negative or Positive Multiplier</u>

After calculating the lodestar amount, the court *may*[9] increase or decrease the amount "by applying a positive or negative 'multiplier' to take into account a variety of other factors." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016). Those factors include, but are not

---

[8] The court deducts seven hours from the 18.3 hours billed because plaintiffs' counsel was not required to use those seven hours to appear and travel for a hearing on this motion.

[9] The word "may" signals that the "application of a lodestar multiplier is discretionary; that is, it is based on the exercise of the court's discretion after consideration of the relevant factors in a particular case." *Nichols*, 155 Cal. App. 4th at 1240.

13

limited to:

> (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) success or failure, (4) the extent to which the nature of the litigation precluded other employment by the attorneys, (5) the contingent nature of the fee award, (6) that an award against the state would ultimately fall upon the taxpayers, (7) that the attorneys in question received public and charitable funding for the purpose of bringing lawsuits of the character here involved, and (8) that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed.

*Glaviano v. Sacramento City Unified Sch. Dist.*, 22 Cal. App. 5th 744, 751 (2018). Such an approach "anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." *Id.* (quoting *Drexler*, 22 Cal. 4th at 1094). However, "a trial court should *not* consider these factors to the extent they are already encompassed within the lodestar." *Ketchum*, 24 Cal. 4th at 1138 (emphasis added).

On one hand, plaintiffs ask the court to exercise its discretion and adjust the lodestar amount upward by applying a 1.5 positive multiplier. (Doc. No. 25-1 at 16–18.) On the other hand, defendant asks the court to apply a negative multiplier because the lodestar calculation provided by plaintiffs results in an unreasonably high compensation. (Doc. No. 29 at 14–15.) In support of an upward adjustment, plaintiffs argue that their counsel litigated this case on a contingency basis that resulted in a "substantial delay in payment," so a multiplier is justified here to account for the contingency risks and out-of-pocket costs. (Doc. No. 25-1 at 18.) However, this factor alone is not a proper justification for an upward adjustment under California law. "Although the attorney's fee agreement is relevant and may be considered, the agreement does not compel any particular award." *Glaviano*, 22 Cal. App. 5th at 757. And because contingency risk factor is generally "subsumed in the lodestar calculation," applying a positive multiplier "could amount to double counting." *Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 106 (2015). The court finds that such is the case here: the lodestar amount calculated above already accounts for the contingency risk and delay in receiving payment; furthermore, consideration of other factors such as the lack of novelty and complexity in this case weigh against awarding a positive multiplier. *See, e.g.*, *Heffington*, 2020 WL 5017610, at *9 (declining to award a positive

multiplier to KLG based on the contingent risk because "that factor is outweighed by the other factors the court has considered, namely that this case was not novel, complex, or difficult, especially because the disputed facts and issues to be resolved were minimal."); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liability Litig.*, No. 17-CV-06656 AB (FFMx), 2020 WL 4720043, at *8 (C.D. Cal. Aug. 13, 2020) (similar); *Hellenberg v. Ford Motor Co.*, No. 18CV2202 JM (KSC), 2020 WL 1820126, at *6 (S.D. Cal. Apr. 10, 2020) (similar); *Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, 2019 WL 5290903, at *8 (E.D. Cal. Oct. 18, 2019) (similar); *Mikhaeilpoor*, 48 Cal. App. 5th at 255 ("The case concerned the *simple* issue of a purported engine defect in plaintiff's vehicle that was—in plaintiff's view—not fixed after multiple attempts." (emphasis added)); *see also, e.g.*, *Reynolds*, 47 Cal. App. 5th at 1113 (in a case involving KLG, the California Court of Appeal affirmed the trial court's exercise of its discretion in holding that a contingent fee agreement was "legally irrelevant" for purposes of determining attorneys' fees under § 1794(d) in that case). Therefore, plaintiff's request that the lodestar amount be adjusted upward by applying a 1.5 positive multiplier will be denied

Defendant's request for a negative multiplier is not justified either, especially since the court has already deducted the unreasonably high amount of attorneys' fees requested by plaintiffs—and courts in other lemon law cases involving KLG have found the same. *See, e.g.*, *Foulkrod*, 2020 WL 2891989, at *5 (finding "that no multiplier is warranted in this case, whether positive or negative."); *Arias*, 2020 WL 1940843, at *5 ("The Court does not believe that a positive or negative multiplier is warranted in this case."). Defendant's request for application of a negative multiplier will therefore also be denied.

**C.      Costs**

While "California law controls the substance of this lawsuit," "federal law controls the procedure by which the district court overs[ees] the litigation." *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995) (alteration in original). The Ninth Circuit has held that costs are "an issue of trial procedure," so that federal law controls. *Id.* Thus, "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th

1  Cir. 2003). Under Rule 54(d), costs "should be allowed to the prevailing party," "[u]nless a
2  federal statute, [ ] rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d) (alteration in
3  original). "Section 1920 enumerates expenses that a federal court may tax as a cost under the
4  discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482
5  U.S. 437, 441–42 (1987). Pursuant to § 1920, "[t]axable costs are limited to relatively minor,
6  incidental expenses" such as "clerk fees, court reporter fees, expenses for printing and witnesses,
7  expenses for exemplification and copies, docket fees, and compensation of court-appointed
8  experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012); *see also* 28 U.S.C.A. §
9  1920.

10  Here, plaintiffs seek to recover $5,868.37 in costs for expenses such as fees for booking
11  conference rooms to take depositions, overnight couriers, travel, and food even though they are
12  not listed as allowable costs under § 1920.[10] (Doc. Nos. 25-1 at 18–19; 25-2, Ex. B.) For this
13  reason, plaintiffs ask that the court award costs and expenses under California law instead,
14  namely § 1794(d) (Doc. No. 25-1 at 18–19), which allows for a broader set of costs and expenses
15  than Rule 54(d). More precisely, § 1794(d) allows recovery of costs to the extent "reasonably
16  incurred by the buyer in connection with the commencement and prosecution of [this] action."
17  *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995). Defendant disagrees with
18  plaintiffs' position and argues that Rule 54(d) should control the award of costs here. (Doc. No.
19  27 at 3–5.) There appears to be a growing split in authority at the district court level on this issue.
20  *Compare Heffington*, 2020 WL 5017610, at *10 (relying on *Clausen v. M/V NEW CARISSA*, 339
21  F.3d 1049, 1064–66 (9th Cir. 2003) to hold that "expert witness fees and other costs that are
22  nontaxable under federal procedural rules are recoverable" in removed lemon law cases), *and*
23  *Scott*, 2020 WL 8125665, at *3 (relying on *Zomorodian v. BMW of N. Am., LLC*, 332 F.R.D. 303,
24  307 (C.D. Cal. 2019) for the proposition that expert fees are recoverable under § 1794(d) in
25  federal courts), *and Base*, 2020 WL 363006, at *7 (finding that *Forouzan v. BMW of N. Am.,*

---

[10] *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) ("A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect.").

1 *LLC*, 390 F. Supp. 3d 1184, 1186 (C.D. Cal. 2019) is persuasive and holding that costs under
2 § 1794(d) are recoverable in federal court pursuant to *Clausen*), *with Seebach v. BMW of N. Am.,*
3 *LLC*, No. 2:18-CV-00109-KJM-AC, 2021 WL 516712, at *2 (E.D. Cal. Feb. 11, 2021) (framing
4 the issue as whether the cost provision is "more like the 'procedural rules' of *Aceves* or the
5 'substantive law' of *Clausen*," then concluding that § 1794(d) is closer to *Aceves*), *and Pollard v.*
6 *FCA US LLC*, No. 8:17-CV-00591-JLS-JCG, 2020 WL 57270, at *7 (C.D. Cal. Jan. 3, 2020),
7 *appeal dismissed*, No. 20-55128, 2020 WL 2204270 (9th Cir. Mar. 25, 2020) (reasoning that the
8 *Forouzan*/*Zomorodian* court's reliance on a California Court of Appeal's caselaw, namely
9 *Jensen*, for the proposition that the cost provision of § 1794(d) is procedural law is unsound).

10       It is not necessary for the court to revisit this issue here because defendant has consented
11 to § 1794(d) as the controlling statute concerning costs based on the parties' settlement
12 agreement. (Doc. No. 25-2, Ex. D at 1–2.) Therefore, the court will consider plaintiffs' request
13 for costs under § 1794(d), rather than Rule 54(d). *See, e.g.*, *Caleb Lin v. BMW of N. Am., LLC*,
14 No. LACV 18-08297-VAP (PLAx), 2020 WL 7773914, at *3 (C.D. Cal. Nov. 24, 2020)
15 ("Moreover, as Plaintiff points out, the parties' settlement agreement unambiguously states
16 Plaintiff is entitled to recover his costs and expenses, consistent with California Civil Code §
17 1794(d).").

18       Under § 1794(d), costs are awarded by courts if they are "reasonably incurred by the
19 buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code
20 § 1794. Defendant objects to plaintiffs' request for costs related to the taking of depositions,
21 including travel expenses related thereto, arguing that they were *not* "reasonably incurred." (Doc.
22 No. 27 at 4–5.) The court has addressed many of these same issues in previous lemon law cases
23 and has found such costs to be "reasonably incurred." *See Heffington*, 2020 WL 5017610, at
24 *11–12; *Powell v. FCA US LLC*, No. 2:16-CV-02781-DAD-JLT, 2020 WL 4937358, at *11–12
25 (E.D. Cal. Aug. 24, 2020). Defendant also argues that the per-page transcription cost of $6.35 for
26 one particular expert witness deposition is excessive simply because it exceeds the rate
27 recommended by the Judicial Conference of the United States. (Doc. No. 27 at 4.) Defendant
28 cites *Bucklin v. American Zurich Insurance Co.*, No. 2:11-cv-5519-SVQ-MRWx, 2013 WL

12233717, at *5 (C.D. Cal. Oct. 30, 2013), a case almost a decade old in which the district court reduced the per-page cost of a transcript to the Judicial Conference rate of $3.50 per page in awarding costs, even though no Local Rule specifically imposed such a limitation, because the defendant had not justified the wide disparity in various transcription rates, which ranged from $6.20 to $12.18 per page.  The present situation is not analogous to that presented in *Bucklin*.  As with the Central District, the Eastern District has no rule limiting deposition costs to the Judicial Conference rate.  Moreover, the per page cost in question ($6.35) does not appear in any way to be unreasonable for an expert witness deposition taken in Los Angeles in 2019.  *See Halasa v. ITT Educ. Servs.*, Inc., No. 1:10-CV-437-WTL-MJD, 2012 WL 639520, at *4 (S.D. Ind. Feb. 27, 2012), *aff'd*, 690 F.3d 844 (7th Cir. 2012) (awarding $5.80 per page for expert witness depositions taken prior to 2012).  Accordingly, plaintiff's request for $5,868.37 in costs will be awarded in full.

## CONCLUSION

In light of the foregoing, plaintiffs' motion for attorneys' fees, costs, and expenses (Doc. No. 25) is GRANTED IN PART and DENIED IN PART and the bill of costs (Doc. No. 24) is APPROVED IN FULL.  Plaintiffs' attorneys are awarded $30,147.50 in reasonable attorneys' fees and $5,868.37 in costs.

IT IS SO ORDERED.

Dated: **July 22, 2021**

_____
UNITED STATES DISTRICT JUDGE